

101 N. COLUMBUS ST., SUITE 405
ALEXANDRIA, VIRGINIA 22314
TEL 703.835.9085
FAX 703.997.7665

WWW.GURAPOSSESSKY.COM

October 25, 2012

The Hon. Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    Re:   Fed. R. App. P. 28(j) Notice Providing Supplemental
             Citations Regarding Oral Argument in
             *Woollard* v. *Gallagher*, No. 12-1437, argued Oct. 24, 2012

Dear Ms. Connor:

    <u>First</u>, in response to Judge King's inquiries regarding the *Rooker-Feldman* doctrine, Appellees note that Defendants in a challenge to New York's virtually-identical "proper cause" provision unsuccessfully raised *Rooker-Feldman,* see *Kachalsky* v. *Cacase*, 817 F. Supp. 2d 235, 255-56 (S.D.N.Y. 2011), *appeal pending* 2nd Cir. No. 11-3642 (argued August 22, 2012), and did not cross-appeal that decision.

    As in *Kachalsky*, *Rooker-Feldman* is inapplicable because Plaintiffs do not challenge an adverse state court decision, only the constitutionality of standards governing a state administrative process. *See Skinner* v. *Switzer*, 131 S. Ct. 1289, 1298 (2011). Indeed, *Rooker-Feldman*'s first prong is unsatisfied, as there was no state court proceeding here. Moreover, Appellee SAF "easily meet[s] the requirements for associational standing," *Ezell* v. *City of Chicago*, 651 F.3d 684, 696 (7th Cir. 2011), and there is no requirement that its other members apply for a permit. *City of Lakewood* v. *Plain Dealer Publishing Co.*, 486 U.S. 750, 756 (1988) ("[t]he Constitution can hardly be thought to deny to one subjected to the restraints of [a licensing law] the right to attack its constitutionality, because he has not yielded to its demands") (citations omitted).

Ms. Connor
Page Two

      Of course, "the existence of a state administrative remedy does not ordinarily foreclose resort to § 1983." *Wright* v. *Roanoke Redev't & Hous. Auth.*, 479 U.S. 418, 427-28 (1987); *Patsy* v. *Bd. of Regents*, 457 U.S. 496 (1982); *Steffel* v. *Thompson*, 415 U.S. 452, 473 (1974) ("recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights"). "*Rooker-Feldman* may be a dubious ground for a refusal to exercise federal jurisdiction over a case (like this one) that falls within the statutory grant of subject matter jurisdiction under 28 U.S.C. § 1331." *Hachamovitch* v. *Debuono*, 159 F.3d 687, 696 (2d Cir. 1998) (citations omitted).

      <u>Second</u>, in response to Judge Davis's inquiry about seeking additional guidance from the Supreme Court, Appellees maintain that Article III courts cannot decline to decide constitutional questions. Appellees' Br. 12-14. However, if the Court desires additional guidance, the correct procedure is not to enter a decision, but to certify a question pursuant to 28 U.S.C. § 1254(2).

      Sincerely,

      <u>/s/ Alan Gura</u>
      Alan Gura

      *Counsel for Appellees*

This body of this letter contains 349 words.

cc: Counsel of Record via ECF