**GURA & POSSESSKY**

101 N. COLUMBUS ST., SUITE 405
ALEXANDRIA, VIRGINIA 22314
TEL 703.835.9085
FAX 703.997.7665

WWW.GURAPOSSESSKY.COM

December 2, 2012

The Hon. Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    Re:    *Woollard* v. *Gallagher*, No. 12-1437, argued Oct. 24, 2012

           Response to Appellants' Rule 28(j) Letter re:
           *Kachalsky* v. *County of Westchester*, No. 11-3642,
           <u>2012 U.S. App. LEXIS 24363 (2d Cir. Nov. 27, 2012)</u>

Dear Ms. Connor:

    Although opinions of other circuits may be persuasive, Supreme Court opinions are binding. *Kachalsky* notwithstanding, this Court must follow *District of Columbia* v. *Heller*, 554 U.S. 570 (2008) and *McDonald* v. *City of Chicago*, 130 S. Ct. 3020 (2010).

    Reviewing *Kachalsky*'s numerous flaws, the following points appear most salient:

    *Kachalsky* erred in holding that the prior restraint doctrine is limited to the First Amendment and, in any event, is inapplicable to the Second. The Supreme Court has never so limited the prior restraint doctrine, and state high courts have applied the prior restraint doctrine to safeguard the right to arms. Appellees' Br. 56-58. *Kachalsky* ignored this body of precedent. Moreover, "proper cause" is plainly an illusory restraint on police discretion.

    *Kachalsky*'s historical survey is flawed. *Kachalsky*'s reliance on Reconstruction Era Southern laws prohibiting the carrying of *some* handguns is misplaced. Appellees' Br. 46-47. And *Kachalsky*'s reliance upon alternative historians whose opinions the Supreme Court soundly

Ms. Connor
Page Two

rejected in *Heller* and *McDonald* should give this Court serious pause. Appellees' Br. 48-50.

*Kachalsky*'s notion that because "there is no right to engage in self-defense with a firearm until the objective circumstances justify the use of deadly force," Slip Op. 46 (citation and footnote omitted), the Second Amendment does not protect the availability of arms to that point, is irrelevant. Under that theory, Heller had no right to purchase a handgun until an intruder entered his home. But the Second Amendment secures the right to be "armed and ready for offensive or defensive action in a case of conflict with another person." *Heller*, 554 U.S. at 584 (citation omitted).

Finally, *Kachalsky*'s use of rational basis review was not sanctioned simply by being euphemistically styled "intermediate scrutiny." *Kachalsky* eviscerated the right to bear arms merely upon the State having declared it unacceptable as a matter of public policy. The *Kachalsky* Court refused to question a legislative judgment relating to an enumerated, fundamental right. But in so doing, *Kachalsky* second-guessed the People's ratification of the Second Amendment—an act the Supreme Court will soon have an opportunity to review.

                            Sincerely,

                            /s/ Alan Gura
                            Alan Gura

                            *Counsel for Appellees*

This body of this letter contains 342 words.

cc: Counsel of Record via ECF