GURA & POSSESSKY

101 N. COLUMBUS ST., SUITE 405
ALEXANDRIA, VIRGINIA 22314
TEL 703.835.9085
FAX 703.997.7665

WWW.GURAPOSSESSKY.COM

March 1, 2013

The Hon. Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

 Re: *Woollard* v. *Gallagher*, No. 12-1437, argued Oct. 24, 2012

<u>Notice of Supplemental Authority, Fed. R. App. P. 28(j)</u>

Dear Ms. Connor:

 This Court has decided *United States* v. *Black*, No. 11-5084, __ F.3d __ (4th Cir. Feb. 25, 2013), by published opinion.

 Appellants argued that precedent did not secure the Second Amendment right to carry handguns outside the home. Appellants' Br. at 14-15. Appellants also argued that "[a] proliferation of publicly-carried handguns by individuals without a good and substantial reason to have them would make it much more difficult for law enforcement officers to prevent criminal activity by confronting individuals who are observed carrying a handgun before they commit a crime." *Id.* at 49.

 In *Black*, this Court rejected the claim that police had probable cause to detain and investigate an individual because, inter alia, he accompanied a man legally carrying a handgun. This Court rejected the claim that officers were entitled, without more, to investigate the legality of the gun possession. "Being a felon in possession of a firearm is not the default status." Slip op. at 13. Where open gun carrying is allowed, "the exercise of this right, without more, cannot justify an investigatory detention." *Id.*

Ms. Connor
Page Two

"Additionally, even if the officers were justified in detaining Troupe for *exercising his constitutional right to bear arms*, reasonable suspicion as to Troupe" would not extend to Black. *Id.* (emphasis added).

*Black* confirms that an individual carrying a handgun outside the home is "exercising his constitutional right to bear arms," and that the police are not entitled, without more, to confront such individuals by assuming that they are incipient criminals. Indeed, while the police lacked a legally adequate reason to confront and detain Black, Troupe's good and substantial reason for wishing to carry a handgun appears readily obvious: he was "in a high crime area at night." *Id.* at 15; *cf. Moore* v. *Madigan*, 702 F.3d 933, 937 (7th Cir. 2012) ("a Chicagoan is a good deal more likely to be attacked on a sidewalk in a rough neighborhood than in his apartment on the 35th floor of the Park Tower").

Sincerely,

/s/ Alan Gura
Alan Gura

*Counsel for Appellees*

This body of this letter contains 329 words.

cc: Counsel of Record via ECF